```
                   UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA

                      CIVIL MINUTES--GENERAL
```

Case No. CV 09-5690-RC                    Date: February 11, 2010

Title: Juan Manuel Banales Venegas, an individual v.
       The City of Oxnard, et al.
==================================================================
**DOCKET ENTRY**


==================================================================
    **HON. ROSALYN M. CHAPMAN, UNITED STATES MAGISTRATE JUDGE**

<u>Jake Yerke</u>                      <u>None</u>
Deputy Clerk                     Court Reporter


ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:
None Present                       None Present


**PROCEEDINGS: (IN CHAMBERS) SCHEDULING AND CASE MANAGEMENT ORDER
               RE JURY TRIALS**


     The Court **HEREBY ORDERS**:

     1. All motions to join other parties or to amend the pleadings shall be filed within thirty (30) days of the date of this Order.

     2. Ex parte applications are strongly discouraged, and the Court will require strict adherence to proper ex parte procedures. <u>See</u> <u>Mission Power Eng'g Co. v. Continental Cas. Co.</u>, 883 F. Supp. 488, 492, (C.D. Cal. 1995); Local Rule 7-19.

     3. The parties must comply with Local Rule 37 prior to filing any discovery motion. The Court will not hear discovery motions after the discovery cut-off date.

     All depositions shall be scheduled sufficiently in advance of the discovery cut-off date to be completed, and any hearing thereon to be heard, prior to the discovery cut-off date. Similarly, all written discovery must be served sufficiently in advance of the discovery cut-off date to be completed, and any hearing thereon to be heard, prior to the discovery cut-off date.

    4.   Expert witnesses will be bound by the opinions expressed in their Rule 26(a)(2)(B) reports, and will not be permitted to offer new matters at trial.  Failure to timely comply with expert deadlines may result in the expert being excluded at trial as a witness.

    5.   The parties must comply with Local Rule 7-3, and other applicable provisions of Rule 7, prior to filing a motion for summary judgment or partial summary judgment.  The Court will only entertain ONE summary judgment motion by a party unless the party obtains leave of Court to file more than one summary judgment motion.  The Court will not hear summary judgment or partial summary judgment motions after the motion cut-off date.

    6.   a. The parties must file a written report within thirty (30) days of the date of this Order advising the Court of selection of a settlement officer and the date of the settlement conference before that officer.

         b. The parties must file a written report within ten (10) days of the settlement conference advising the Court whether the settlement negotiations were successful, or whether additional conferences will be held and, if so, when.

    7.   At the final pretrial conference, the parties should be prepared to discuss means of streamlining the trial, including stipulations as to the content of the testimony, presentation of testimony on direct examination by affidavit or by declaration subject to cross-examination, and qualification of experts by admitted resumes.

    The lead trial attorney on behalf of each party shall attend the pretrial conference, all meetings of the parties in preparation for the pretrial conference, and all conferences regarding the other joint submissions discussed herein, unless excused for good cause as approved in advance by the Court.

    8.   In preparing the pretrial conference order and all joint submissions discussed herein, the parties are required to meet and confer face-to-face, using the procedures set forth in Local Rule 37-1 as the model for exchanging position letters and conducting good faith discussions, to resolve differences regarding witnesses, documentary evidence, motions in limine, and the like.

    9.   The following documents shall be lodged or filed no later than twenty-one (21) days before the final pretrial conference:

         A.   The **pretrial conference order**, which shall comply with

Exhibit A to the Local Rules, as well as a party's memorandum of contentions of fact and law, which shall comply with Local Rule 16-4.

    B.    A **joint agreed upon witness list** containing each party's witnesses (except rebuttal witnesses), a brief summary of each witness' testimony, and an estimation of the length of time on direct and cross-examination for each witness.  This list shall include witnesses who testify in person and by deposition.  When a witness testifies by deposition, the full deposition shall be lodged as an exhibit in a three-ring binder, and the proffered testimony shall be marked as set forth in Local Rule 16-2.7(a) and the portions proposed to be redacated shall be shown with strike lines through them.

    If there is an objection to a witness or the nature of all or part of a witness' testimony, the parties shall separately file a joint disputed witness list, identifying the party and the witness or the testimony, the opposing party's statement of objections to the witness or the testimony, with legal authority supporting the opposition (not to exceed <u>one</u> page), and the proposing party's response to the objections, with legal authority supporting the witness or the testimony (not to exceed <u>one</u> page).  If the dispute focuses on deposition testimony, and the deposition is not included in the previously described three-ring binder, another separate three-ring binder should be lodged as an exhibit, and the proffered testimony shall be marked as set forth in Local Rule 16-2.7(a) and the portions proposed to be redacted shall be shown with strike lines through them.

    C.    A **joint numbered exhibit list**, which shall contain all agreed upon trial exhibits listed by party and number, with a lodged three-ring binder containing all agreed upon trial exhibits.  All exhibits to which there is no objection shall be deemed admitted.  All parties shall stipulate to the authenticity of exhibits whenever possible, and the exhibit list shall identify any exhibits for which authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

    If there is an objection to a party's documentary exhibit, the parties shall separately file a joint numbered disputed exhibit list, which shall contain each party's list of disputed exhibits, the opposing party's statement of objections to the disputed exhibit, with legal authority in support of the argument (not to exceed <u>one</u> page) and proposed redactions where appropriate, and the proposing party's response to the objections, with legal authority supporting the exhibit (not to exceed <u>one</u> page), and the disputed exhibits shall be lodged in a three-ring binder containing the disputed exhibits.

D.   A **joint submission of the parties' numbered motions in limine**, setting forth the motions proposed by each party, the legal authority supporting the motion (not to exceed <u>two</u> pages), the opposing party's objections, and the legal authority supporting the objections (not to exceed <u>two</u> pages).

Before filing any motion in limine, counsel for the parties shall confer personally in a good faith effort to eliminate the necessity for the motion in limine or to eliminate as many of the disputes as possible.  If counsel are unable to resolve their differences, they shall prepare a separate, sequentially numbered Joint Motion in Limine for each issue in dispute, containing a caption that identifies the moving party and the nature of the dispute (i.e., "Plaintiff's Motion in limine #1 to exclude the testimony of Defendant's expert").  Each Joint Motion in Limine shall consist of one document signed by all counsel.  The Joint Motion in Limine shall clearly identify the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted.  The identification of the matters in dispute shall be followed by each party's contentions and each party's memorandum of points and authorities.

E.   A **joint submission of the parties' proposed jury instructions and special verdict forms**, as well as the legal authority supporting each jury instruction or special verdict form.

If the parties cannot agree upon one complete set of substantive jury instructions or special verdict forms, in addition to the joint submission of the parties' numbered agreed upon jury instructions and special verdict forms, the parties shall file a joint statement regarding the disputed jury instructions and/or special verdict forms in the following format for each disputed instruction or verdict form:

> 1.   A separate page containing the text of the disputed language with an identification of the party proposing it;
> 2.   following the text of the disputed language, the opposing party's statement of objections to the disputed language along with legal authority in support of the argument (not to exceed <u>one</u> page) and proposed alternative language where appropriate; and
> 3.   the proposing party's response to the objection with legal authority supporting the proposed language, not to exceed <u>one</u> page.

All proposed jury instructions shall be in the format

specified by Local Rule 51-2.  The Court will send a copy of the instructions into the jury room for the jury's use during deliberations.  Accordingly, in addition to the copies described above, the diskette submitted with the jury instructions shall contain a "clean set" of Joint Proposed and/or Disputed Jury Instructions, containing only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. ___" (eliminating titles, supporting authority, indication of party proposing etc.).

  F.  A **joint submission of the parties' proposed voir dire questions and a joint statement of the case** consisting of no more than three paragraphs.  The Court conducts voir dire of all prospective jurors, and the parties need not submit requests for standard voir dire questions, such as education, current occupation, marital status, prior jury service, etc., but should include only proposed questions specifically tailored to the parties and issues of the case.

**SEE THE LAST PAGE FOR ALL SCHEDULING DATES, INCLUDING FINAL PRETRIAL CONFERENCE AND TRIAL DATES.**

## PRESUMPTIVE SCHEDULE OF JURY TRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff's Request (Fill in specific date) | Def Request (Fill in specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury)(court) Estimated length: _5_ days | 8:30 a.m. (Tuesdays) | | | | 12/7/2010 |
| Final Pretrial Conference; Hearing on Motions in Limine | 9:30 a.m. (Wednesday) | | | | 11/17/2010 |
| Lodge Pretrial Conf. Order File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Qs and Statement of Case | | | | | 10/20/2010 |
| Last day for filing Motions in Limine | | | | | 10/20/2010 |
| Last day for hearing motions | 9:30 a.m. (Wednesday) | | | | 10/6/2010 |
| Non-expert Discovery cut-off | | | | | 8/4/2010 |
| Expert discovery cut-off | | | | | 10/6/2010 |
| Rebuttal Expert Witness Disclosure | | | | | 9/1/2010 |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | | | 8/4/2010 |
| Last day to conduct settlement conference | | | | | 8/4/2010 |
| Last day to amend pleadings or add parties | 30 DAYS | | | | |

L.R. 16-14 Settlement Choice:   (1) CT/USMJ     (2) Atty     (3) Outside ADR     (4) Settlement Panel

case095\09-5690.5
2/2/10

Initials of Deputy Clerk_JY