BRIAN A. VOGEL (SBN 167413)
EMAIL: brian@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
Fax: (805) 654-0326

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL BANALES VENEGAS, an individual,<br><br>Plaintiff(s)<br>v.<br><br>THE CITY OF OXNARD, THE OXNARD POLICE DEPARTMENT, CHIEF JOHN CROMBACH, OFFICER MARC AMON, OFFICER ROBERT VALENZUELA, OFFICER MICHAEL VELASQUEZ, TRAFFIC SERVICE CADET JESUS TOPETE, AND DOES 1-10,<br><br>Defendant(s). | CASE NUMBER<br><br>CV09-05690 RC<br><br><br>ADR PILOT PROGRAM QUESTIONNAIRE |

(1) What, if any, discovery do the parties believe is essential in order to adequately prepare for a settlement conference or mediation? Please outline with specificity the type(s) of discovery and proposed completion date(s). Please outline any areas of disagreement in this regard. Your designations do not limit the discovery that you will be able to take in the event this case does not settle.

The parties believe that the exchange of some written discovery including interrogatories, requests for admission and requests for identification and production of documents will be required before the depositions of the parties. Both sides have exchanged written discovery pursuant to Rule 26 but additional written discovery is pending. It is anticipated that depositions will commence in Mid-April

to early June of 2010 and will be completed by July 2010. Plaintiff anticipates the need to depose all named defendants and a person most knowledgeable regarding use of force investigations at the Oxnard Police Department. Defendants anticipates the need to depose Plaintiff and several witnesses to the

events at issue, all treating medical personnel or retained medical examiners, and any other witnesses relating to Plaintiff's claimed damages.

(2) What are the damage amounts being claimed by each Plaintiff? Identify the categories of damage claimed [e.g., lost profits, medical expended (past and future), lost wages (past and future), emotional distress, damage to reputation, etc.] and the portion of the total damages claimed attributed to each category. Medical expenses - Approximately $500 for ER treatment and privately purchased analgesics such as Tylenol. Approximately $100 for Plaintiff's lost cell phone. Plaintiff also suffered additional losses from losing business contact information in his phone. Approximately $200 for to replace his broken prescription glasses. Approximately $800 in lost wages from missed work - Plaintiff also had additional, somewhat speculative losses as Plaintiff was working as a realtor on commission. The realistic range of compensatory damges is 0 to $50,000. Plaintiff suffered significant noneconomic damages to his reputation and suffered fear, embarassment, anxiety and humiliation. Puntive damages may be sought and Plaintiff also incurred costs and attorney's fees.

(3) Do the parties agree to utilize a private mediator in lieu of the court's ADR Pilot Program?

Yes ☐     No ☒

(4) If this case is in category civil rights - employment (442), check all boxes that describe the legal bases of plaintiff claim(s):

☒ 42 U.S.C. §1983

I hereby certify that all parties have discussed and agree that the above-mentioned responses are true and correct.

3/11/2010
Date

*Brian Vogel* (signature)
Attorney for Plaintiff (Signature)

Brian A. Vogel
Attorney for Plaintiff (Please print full name)

3-11-2010
Date

(signature)
Attorney for Defendant (Signature)

Dirk DeGenna
Attorney for Defendant (Please print full name)