UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL BANALES VENEGAS, | CASE NO. CV 09-05690 RC |
| Plaintiff, | For Settlement Proceedings Before Magistrate Judge Ralph Zarefsky |
| vs. | |
| THE CITY OF OXNARD, ET AL., | ORDER RE SETTLEMENT CONFERENCE |
| Defendants. | |

## **PLEASE READ THIS ORDER CAREFULLY!**

The Settlement Conference for this case is placed on calendar of the undersigned for **Thursday, July 29, 2010**, at 1:30 p.m., Courtroom 540, Fifth Floor, 255 East Temple Street, Los Angeles, California 90012.

The undersigned will not be involved in the actual trial of the case and will assist the parties in an objective appraisal and evaluation of the case. The following are guidelines for the parties in preparing for the Settlement Conference.

1. The purpose of the Settlement Conference is to permit an informal discussion between the attorneys, parties, non-party indemnitors or insurers, and the settlement judge, of every aspect of the case bearing on its settlement value.

2. Pursuant to Local Rule 16-15.8, all settlement proceedings shall be confidential and no statement made therein shall be admissible in any proceeding in the case, unless the parties otherwise agree.

3. Lead counsel who will try the case must be present. In addition, a person with full settlement authority should likewise be present for the conference. This requirement contemplates the physical presence of the party, or, if a corporate or governmental entity, of an authorized and knowledgeable representative of your client. The plaintiff's representative must have full and final authority, *in the representative's sole discretion*, to authorize dismissal of the case with prejudice, or to accept a settlement amount recommended by the settlement judge down to the defendant's last offer made prior to the settlement conference. The defendant's representative must have final settlement authority to commit the defendant to pay, *in the representative's sole discretion*, a settlement amount recommended by the settlement judge up to the plaintiff's prayer (excluding punitive damage prayers), or up to the plaintiff's last demand made prior to the settlement conference, whichever is *lower*.

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

4. If Board approval is required to authorize settlement, the attendance of at least one sitting and knowledgeable member of the Board (preferably the Chairman) is *absolutely required*.

5. Counsel appearing without their clients (whether or not counsel purportedly have been given settlement authority) will cause the settlement conference to be canceled. The noncomplying party, attorney, or both, may be assessed the costs and expenses as a result of such cancellation and rescheduling.

6. Any insurance company that is contractually required to defend or to pay damages assessed within policy limits also should have a settlement representative present at the conference. Such representative must have final settlement authority to commit the company to pay, *in the representative's sole discretion*, an amount

recommended by the settlement judge within the policy limits. The purpose of this requirement is to have an insurance representative present who can settle the outstanding claim or claims during the course of the conference without consulting a superior. An insurance representative authorized to pay, *in his or her sole discretion*, up to the plaintiff's last demand made prior to the settlement conference will also satisfy this requirement. Counsel of record will be responsible for timely advising any involved non-party insurance company of the requirements of this Order.

7. The settlement judge may, in his discretion, converse with the lawyers, the parties, the insurance representatives, or any one of them outside of the hearing of the others. The comments of the judge during such separate sessions are not to be used by counsel in settlement negotiations with opposing counsel. This is a necessary requirement in order to avoid intentional or unintentional misquotation of the judge's comments. Violation of this policy may be misleading and therefore a hindrance to settlement.

8. Prior to the Settlement Conference, the attorneys are directed to conclude necessary discovery, and to discuss settlement with their respective clients and insurance representatives, so that the parameters of possible settlement will have been explored well in advance of the Settlement Conference. At the Settlement Conference, each party shall be fully prepared to discuss all economic and non-economic factors relevant to a full and final settlement of the case.

9. Plaintiff shall advise defendant(s) of the terms upon which plaintiff then is prepared to settle the case, in a letter delivered by hand or faxed *no later than 4:00 p.m. 14 days before the settlement conference*. Each defendant shall respond to the same by letter advising plaintiff of the terms upon which such defendant is prepared to settle the case *no later than four days later*.

10. *No later than 12:00 p.m. one week before the conference*, each party shall submit a Settlement Conference Statement *directly to the chambers of Magistrate Judge Zarefsky* (Room 530). The parties shall exchange the Statements on the same date. The Statements should *not* be filed with the Clerk of the Court, and they will not be made

part of the case file.  The Statements shall be double-spaced and shall not exceed ten (10) pages in length.

   The parties' respective Settlement Conference Statements shall include the following:

   A. A brief statement of the facts of the case, and of the claims and defenses remaining to be tried, including the statutory or other grounds upon which the claims are founded.  This statement should identify the major factual and legal issues in dispute, and cite any controlling authorities.

   B. An itemized statement of the damages claimed, and of any other relief sought.

   C. A summary of the proceedings to date, including any case management dates/deadlines already set by the District Judge.

   D. A history of past settlement discussions, offers and demands, including the most recent settlement offers exchanged pursuant to ¶ 9 above.

   11. *Each party shall also prepare a Confidential Addendum to Settlement Conference Statement, which shall be delivered directly to Magistrate Judge Zarefsky only, along with the Settlement Conference Statement.*  The Confidential Addendum shall <u>not</u> be filed with the Court *or* served upon the other parties.  The Confidential Addendum shall contain:

   A. A forthright evaluation of the party's likelihood of prevailing on each of its claims and/or defenses.

   B. The approximate amount of attorney's fees, time and costs expended to date, and an estimate of the fees, time and costs to be expended for (i) further discovery, (ii) pretrial and (iii) trial.

   C. The party's evaluation of the terms on which the case could be settled <u>fairly</u>, taking into account the litigation position and settlement position of the other side.

12.    Any failure of the trial attorneys, parties or persons with authority to attend the conference will result in sanctions to include the fees and costs expended by the other parties in preparing for and attending the conference.  Failure to timely deliver a Settlement Conference Statement and Confidential Addendum, or otherwise comply with this Order, will also result in sanctions being imposed.

13.    After the exchange of offers and prior to the conference, lead counsel for the parties shall meet in person for not less than 90 minutes, to discuss the offers and any possible ways of settling the action.

14.    At the commencement of the conference, each party through counsel may be required to make an oral presentation (not to exceed 10 minutes) of the relevant *facts* and *law*, in the presence of all parties and counsel.

15.    If settlement between any or all parties is reached as a result of the Settlement Conference, it is the responsibility of all counsel to immediately report the settlement to the District Judge's courtroom deputy clerk, as well as to timely memorialize the settlement.  *See* Local Rule 16-15.7.

DATED:  April 5, 2010

_____  
RALPH ZAREFSKY  
UNITED STATES MAGISTRATE JUDGE