1  BRIAN A. VOGEL, SBN 167493
2  THE LAW OFFICES OF BRIAN A. VOGEL, PC
   770 County Square Dr., Ste. 104
3  Ventura, CA 93003
4  Phone: (805) 654-0400
   FAX: (805) 654-0326
5  EMAIL: brian@bvogel.com

6  Attorney for Plaintiff
7  JUAN MANUEL BANALES VENEGAS

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA
10

11
   JUAN MANUEL BANALES VENEGAS,    )   CASE NO. CV 09-05690 AJW
12 an individual,                   )
                                    )   **NOTICE OF MOTION AND**
13                                  )   **MOTION FOR ORDER**
             Plaintiff,             )   **GRANTING LEAVE TO**
14                                  )   **WITHDRAW AS COUNSEL**
15                                  )   **FOR PLAINTIFF;**
                                    )   **DECLARATION OF**
16                                  )   **BRIAN A. VOGEL IN**
17      vs.                         )   **SUPPORT; AND**
                                    )   **[PROPOSED] ORDER**
18                                  )
                                    )
19                                  )
   THE CITY OF OXNARD, OXNARD POLICE)
20 DEPT., et al.                    )   Date:       January 24, 2011
                                    )   Time:       10:00 a.m.
21                                  )
             Defendants.            )   Ctrm:       690, Roybal
22                                  )   Trial Date: March 15, 2011

23      **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**
24
25      PLEASE TAKE NOTICE that on January 24, 2011, or as soon thereafter as the

26 matter may be heard in the above entitled court, The Law Offices of Brian A. Vogel, PC,
27 counsel of record for Plaintiff JUAN MANUEL BANALES VENEGAS, will, and hereby
28
                                        1

does, move the court for an order granting The Law Offices of Brian A. Vogel, PC leave to withdraw as counsel of record for Plaintiff.

Good cause exists for the order requested herein because: (1) per Rule of Professional Conduct 3-700(C)(1)(d), Mr. Venegas' conduct and recent felony convictions render it unreasonably difficult for The Law Offices of Brian A. Vogel, PC to carry out the employment effectively; and (2) per Rule 3-700(C)(6), The Law Offices of Brian A. Vogel, PC believes in good faith, in a proceeding before the tribunal, that the tribunal will find the existence of other good cause for withdrawal. To avoid prejudice to Mr. Venegas, The Law Offices of Brian A. Vogel, PC is further requesting a continuance of the trial date and all other pretrial deadlines for three months.

This motion is made pursuant to Local Rule 83-2. 9. 2. 1. *et seq.* This motion will be based upon this Notice of Motion and Motion, the memorandum of points and authorities filed herewith, the Declaration of Brian A. Vogel, the pleadings and papers already hereby filed in this matter, and any further evidence or argument that the Court may request, if necessary, at an in camera hearing.

The plaintiff can be contacted at the Metropolitan Detention Center in Los Angeles. His register number is 59203-112. Luis Carrillo, Mr. Venegas' current attorney in his ongoing criminal case, can be reached at the Law Offices of Luis A. Carrillo, 1525 Fair Oaks Ave., South Pasadena, CA 91030; Phone: (626) 799-9375. The criminal case, U.S. District Court for the Central District of California Case No. 10-600R, is scheduled for sentencing on February 14, 2011 before the Honorable. Manuel Real. See Declaration of

Brian A. Vogel, Esq. (hereinafter, "Vogel Decl."), par. 3.

Dated: January 13, 2011             LAW OFFICES OF BRIAN A. VOGEL, PC

_____/s/ Brian Vogel_____
By: Brian A. Vogel
Attorney for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

California Central District Local Rule 83-2.9.2.1 provides that an attorney must seek leave of court in order to withdraw as counsel of record. An application for leave to withdraw is to be made after giving written notice to the client and to all other parties who have appeared in the action reasonably in advance of filing the withdrawal motion. Local Rule 83-2.9.2.4 states: "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." As set forth below, and in the supporting Declaration of Brian A. Vogel, Esq., each of the above requirements has been satisfied.

The Law Offices of Brian A. Vogel, PC first notified Mr. Venegas of its intent to withdraw as counsel of record, orally on November 23, 2010. (Vogel Decl. Par. 5) The reasons for this notification are privileged, but, if necessary, The Law Offices of Brian A. Vogel, PC will provide detailed, privileged information at an in camera hearing. The Law Offices of Brian A. Vogel, PC first notified Mr. Venegas of its intent to withdraw as counsel of record in writing on December 6, 2010. (Vogel Decl. Par. 6) The Law Offices of Brian A. Vogel, PC notified Counsel for the defendants, Dirk DeGenna of The Law Offices of Alan Wisotsky, of its intent to withdraw as counsel of record in writing on December 9, 2010. (Vogel Decl. Par. 7)

/ / /

/ / /

## II. GOOD CAUSE EXISTS FOR AND THE ENDS OF JUSTICE REQUIRE GRANTING LEAVE TO WITHDRAW IN THIS INSTANCE.

As set forth in the Vogel Declaration, good cause exists for granting leave to The Law Offices of Brian A. Vogel, PC to withdraw as Plaintiff's counsel of record. Good cause exists for the order requested for the following reasons.

Rules of Professional Conduct 3-700(A)(2) provides: "A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with Rule 3-700(D), and complying with other applicable laws and rules."

The Law Offices of Brian A. Vogel, PC has taken reasonable steps to avoid prejudice to the rights of Plaintiff Venegas, including giving due notice and attempting to help Mr. Venegas obtain alternate representation. (Vogel Decl. Par. 8)

The limitations on what The Law Offices of Brian A. Vogel, PC. can disclose consistent with the attorney-client privilege preclude a detailed discussion of the factual basis for withdrawal. The duty of confidentiality continues notwithstanding grounds for withdrawal from the case; therefore, attorneys are bound to preserve client confidences even when seeking to be relieved as counsel. See California Rules of Court 3.1362(c) [attorney's declaration in support of withdrawal motion cannot compromise attorney-client confidentiality]; Rules of Professional Conduct 3-700(A) [attorney withdrawal must not prejudice client]; and San Diego Bar Ass'n Form.Opn. 1990-2 [duty of confidentiality applies to both mandatory and permissive withdrawal]. Withdrawal cannot be denied

where the trial court admits counsel's good faith representations. *Aceves v. Sup.Ct.* (1996) 51 Cal.App.4th 584, 596; see *Leversen v. Sup.Ct. (People)* (1983) 34 Cal.3d 530, 539 ["Having accepted the good faith and honesty of (counsel's) statements on the subject, the court was bound under the circumstances to rule that a conflict of interest had been sufficiently established"]. Here again, if necessary, The Law Offices of Brian A. Vogel, PC will provide detailed, privileged information at an in camera hearing.

Rule 3-700(C)(1)(d) authorizes withdrawal if the client "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." The Law Offices of Brian A. Vogel, PC diligently pursued this matter, including conducting extensive discovery and numerous depositions. Despite these efforts, Mr. Venegas is unhappy with the representation and has refused to follow his attorney's advice. (Vogel Decl. Par. 9)

The Law Offices of Brian A. Vogel, PC is, alternatively, requesting to be relieved as counsel pursuant to Rule 3-700(C)(6), which authorizes withdrawal if the "member believes in good faith, in a proceeding before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." Here, other good cause exists. Mr. Venegas is not interested in the opinions of his lawyer. He disagrees with the legal strategy, the assessment of evidence, the evaluation of responsible parties, and the evaluation of the strategies for trial and for settlement. The Law Offices of Brian A. Vogel, PC believes in good faith that Mr. Venegas' hostility toward his lawyer's analysis, among other things, provides good cause for withdrawal. (Vogel Decl. Par. 10) Thus, The Law Offices of Brian A. Vogel, PC is, alternatively, requesting to be relieved as counsel pursuant to Rule

3-700(C)(6).

Accordingly, good cause and the ends of justice require that leave to withdraw as counsel for Plaintiff be granted to The Law Offices of Brian A. Vogel, PC. Contact information for Plaintiff has been provided in the above Notice of Motion, so that the Court and other parties and attorneys herein know where to serve Plaintiff.

Mr. Venegas will need additional time to make additional efforts to obtain alternate counsel, and that counsel will need time to get up to speed. Three months should be sufficient for this purpose. Consequently, The Law Offices of Brian A. Vogel, PC is also requesting a continuation of the trial date and all corresponding deadlines for three months to avoid prejudice to Mr. Venegas.

## CONCLUSION

As shown above and in the attached Vogel Declaration, good cause exists for granting leave to withdraw as counsel for Plaintiff, there is no undue delay caused by granting the motion, and proper written notice of the motion has been provided to Plaintiff as well as all other parties who have appeared in this action. Accordingly, The Law Offices of Brian A. Vogel, PC respectfully requests that the Court grant it leave to withdraw as counsel of record for Plaintiff.

Dated: January 13, 2011            LAW OFFICES OF BRIAN A. VOGEL, PC

                                   _____
                                   By: Brian A. Vogel
                                   Attorney for Plaintiff

## DECLARATION OF BRIAN A. VOGEL

1. I am an attorney duly licensed and admitted to practice law in all courts of the State of California, including the United States District Court for the Central District of California. I am the principal attorney with the law firm of the Law Offices of Brian A. Vogel, PC, and counsel of record for Plaintiff Juan Manual Banales Venegas in the above-entitled case. I make this declaration based upon information personally known to me. If called to do so, I could and would testify competently to the facts set forth below.

2. The Court's initial scheduling order of February 11, 2010, states that the trial in this matter was to commence on December 7, 2010, and the trial length estimate is for five days. Because of the pendency of Plaintiff's criminal case, on October 18, 2010, the Honorable Rosalyn M. Chapman granted a motion to continue the pretrial conference date to January 10, 2011, and set trial date for January 25, 2011. On December 6, 2010, the case was reassigned from Judge Chapman to the Honorable Andrew J. Wistrich. On December 21, 2010, the court approved a stipulation by the parties to continue the pretrial conference date to February 28, 2011, and set the trial date for March 15, 2011.

3. I have reviewed the procedural history of Plaintiff Venegas' criminal case. In U.S. District Court Case No. CR-10-600R, Plaintiff Venegas was indicted on charges of bank and wire fraud on June 8, 2010. The case was assigned to the Honorable Manuel Real. Mr. Venegas is being represented by attorney Luis Carrillo. Mr. Venegas' jury trial began on November 16, 2010 and continued through November 19, 2010. Mr. Venegas was convicted of one count of bank fraud, two counts of wire fraud, and one count of asset forfeiture on November 19, 2010. On November 24, 2010, counsel for Plaintiff Venegas

filed a motion for a new trial. On January 10, 2011, the court denied Mr. Venegas' motion and filed an order to that effect the next day. Plaintiff Venegas' sentencing date is set for February 14, 2011. The circumstances of Plaintiff Venegas' criminal trial and those of the instant matter are completely unrelated.

4. Shortly after his indictment in the criminal case in late June, 2010, I had a lengthy conversation with Mr. Venegas regarding the potential impact of his indictment and pending trial on this matter. I believe that the details of this conversation are privileged and may only be disclosed in camera. I visited him several more times before November 23, 2010.

5. Four days after his conviction on November 19, 2010, I formally notified Mr. Venegas of my intent to withdraw as counsel of record, orally on November 23, 2010.

6. I first notified Mr. Venegas of my intent to withdraw as counsel of record in writing on December 6, 2010.

7. I notified Counsel for the defendants, Dirk DeGenna of The Law Offices of Alan Wisotsky, of my intent to withdraw as counsel of record in writing on December 9, 2010.

8. I have taken reasonable steps to avoid prejudice to the rights of Plaintiff Venegas, including giving due notice and attempting to help Mr. Venegas to obtain alternate representation. I have contacted several able attorneys in an effort to obtain alternate representation for Mr. Venegas.

9. Despite my efforts to work diligently and effectively on his behalf, Mr. Venegas is unhappy with the representation and has refused to follow my advice.

10. The Law Offices of Brian A. Vogel, PC believes in good faith that Mr. Venegas' hostility toward my analysis, among other things, provides good cause for withdrawal.

11. I have been informed by Mr. Venegas' criminal trial attorney, Luis Carrillo, that Mr. Venegas is unlikely to be granted probation at his sentencing hearing and will likely be sentenced to federal prison on that date.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of January, 2011, at Ventura, California.

*Brian Vogel*
_____
Brian A. Vogel, Esq., Declarant

**PROOF OF SERVICE**
CCP Section 1011, 1013, 1013a, 2015.5
FRCP 5(b)

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is 770 County Square Drive, Suite 104, Ventura, California 93003.

On January 13, 2011, I served ☐ the original ☒ a true copy of the within document(s): **NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF; DECLARATION OF BRIAN A. VOGEL IN SUPPORT AND [PROPOSED] ORDER** on the interested parties in this action as follows:

Mr. Dirk Degenna
Attorney at Law
LAW OFFICES OF ALAN E. WISOTSKY
Financial Plaza Tower
300 Esplanade Drive, Suite 1500
Oxnard, California 93036                **FAX 805-278-0289**

☐ BY MAIL       I deposited such envelope in the mail at Ventura, California. The envelope was mailed with postage thereon fully prepaid and sent "Certified Mail".

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Ventura, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE. I caused such envelope to be delivered by hand to the offices of the addressee.

☐ BY FAX TO THE COURT. At the time of transmission I was at least 18 years of age and not a party to this legal proceeding. On _____ at _____ a.m./p.m. I transmitted to the Ventura County Superior Court the following documents: _____ by FAX machine, under California Rules of Court, Rule 2.304. The court's FAX telephone number that I used was _____. The FAX machine I used complied with Rule 2.301 and no error was reported by the machine. Under Rule 2.304, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ BY FAX. I caused the above-referenced document to be transmitted by FAX to the addressee(s) at the FAX number shown. Under Rule 2.306(g), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Executed on January 13, 2011, at Ventura, California.

☒ STATE. I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

CINDY A. HENDRICKS                         _____Chendrick_____

PROOF OF SERVICE
CCP Section 1011, 1013, 1013a, 2015.5
FRCP 5(b)

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action; my business address is 770 County Square Drive, Suite 104, Ventura, California 93003.

On January 13, 2011, I served ☐ the original ☒ a true copy of the within document(s): **NOTICE OF MOTION AND MOTION FOR ORDER GRANTING LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF; DECLARATION OF BRIAN A. VOGEL IN SUPPORT AND [PROPOSED] ORDER** on the interested parties in this action as follows:

Juan Manuel Banales Venegas
Register# 59203-112                    **LEGAL MAIL**
Metropolitan Detention Center
Post Office Box 1500
Los Angeles, California 90053

☒ **BY MAIL**   I deposited such envelope in the mail at Ventura, California. The envelope was mailed with postage thereon fully prepaid and sent "Certified Mail".

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Ventura, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE. I caused such envelope to be delivered by hand to the offices of the addressee.

☐ BY FAX TO THE COURT. At the time of transmission I was at least 18 years of age and not a party to this legal proceeding. On _____ at _____ a.m./p.m. I transmitted to the Ventura County Superior Court the following documents: _____ by FAX machine, under California Rules of Court, Rule 2.304. The court's FAX telephone number that I used was _____. The FAX machine I used complied with Rule 2.301 and no error was reported by the machine. Under Rule 2.304, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ BY FAX. I caused the above-referenced document to be transmitted by FAX to the addressee(s) at the FAX number shown. Under Rule 2.306(g), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Executed on January 13, 2011, at Ventura, California.

☒ STATE. I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

CINDY A. HENDRICKS                        _Chendrick_ (signature)
(Name)                                    (Signature)